IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PATRICK SHERMAN                                                                    PETITIONER

v.                              NO. 5:07CV00073 SWW-JFF

MIKE BEBEE, Governor
of Arkansas                                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus. For the reasons that follow, the Magistrate Judge recommends that the petition be summarily dismissed without prejudice for lack of jurisdiction.

Petitioner was convicted, after jury trial in Clark County Circuit Court on July 25, 1995, of two counts of first-degree battery, one count of fleeing, and one count of first-degree assault. He was sentenced to a total of forty years' imprisonment on the battery and fleeing convictions. He was fined $10.00 on the assault conviction. The Arkansas Supreme Court affirmed his convictions. *Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996).

On January 21, 1997, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his 1995 convictions. He raised nine grounds for relief, including that he was denied effective of assistance of counsel and that his convictions were obtained in violation of the protection against double jeopardy. In a Memorandum and Order entered on October 29, 1997, the Magistrate Judge undersigned found that five of Petitioner's claims were procedurally barred. *Sherman v. Norris*, No. PB-C-97-39 (E.D. Ark. Oct. 29, 1997). With respect to Petitioner's remaining claims, the Magistrate Judge found that Petitioner had not demonstrated that (1) the Arkansas Supreme Court's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that (2) the Arkansas Supreme Court's adjudication of the claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The Magistrate Judge dismissed Petitioner's habeas corpus petition with prejudice. On September 10, 1998, the Eighth Circuit denied Petitioner's application for a certificate of appealability. *Sherman v. Norris*, No. 97-4185EALR (8th Cir. Sept. 10, 1998) (unpublished).

On July 3, 2001, Petitioner filed a second § 2254 petition in the United States District Court for the Western District of Arkansas, once again challenging his 1995 convictions. He argued, *inter alia*, that he was denied effective of assistance of counsel and that his convictions were obtained in violation of the protection against double jeopardy. On August 8, 2001, United States Magistrate Judge Bobby E. Shepherd

issued a Report and Recommendation, finding that Petitioner's petition was a successive habeas petition and that he had not obtained an order from the Eighth Circuit authorizing the filing of the petition pursuant to 28 U.S.C. § 2244(b)(3)(A). *Sherman v. Norris*, No. 01-6127 (W.D. Ark. Aug. 8, 2001). Judge Shepherd recommended that the petition be dismissed without prejudice for lack of jurisdiction. By an order entered on August 27, 2001, United States District Judge Robert T. Dawson adopted Judge Shepherd's findings and recommendations and dismissed Petitioner's petition without prejudice.

On November 14, 2002, Petitioner filed a petition in the Eighth Circuit requesting authorization to file a second or successive habeas application. On January 28, 2003, the Eighth Circuit denied Petitioner's petition. *Sherman v. Norris*, No. 02-3790 (8th Cir. Jan. 28, 2003) (unpublished).

On February 20, 2007, Petitioner filed a third habeas corpus petition in this Court challenging his 1995 convictions. He argued, *inter alia*, that his convictions were obtained in violation of the protection against double jeopardy. Petitioner styled his habeas petition as "a habeas corpus petition under 28 U.S.C. § 2241." Because a prisoner in custody pursuant to the judgment of a state court cannot use § 2241 to challenge the validity of a state conviction or sentence and § 2254 is the only appropriate remedy for such a challenge, *Singleton v. Norris*, 319 F.3d 1018, 1022-23 (8th Cir. 2003), the Magistrate Judge undersigned, in a recommended disposition entered on March 22, 2007, construed Petitioner's habeas petition as a § 2254 petition. The Magistrate Judge found that the petition was a second or successive § 2254

petition filed without authorization from the Eighth Circuit and recommended that the petition be dismissed without prejudice for lack of jurisdiction. On April 4, 2007, Judge Wright adopted the Magistrate Judge's findings and recommendation and dismissed Petitioner's habeas petition without prejudice for lack of jurisdiction. *Sherman v. Norris*, 5:07CV00036 JFF-SWW (E.D. Ark. April 4, 2007).

On March 30, 2007, five days before Judge Wright entered the order dismissing Petitioner's third petition, Petitioner filed the pending habeas corpus petition. He once again challenges his 1995 convictions and alleges, *inter alia*, that his convictions were obtained in violation of the protection against double jeopardy. Petitioner has styled his habeas petition as a petition pursuant to 28 U.S.C. § 2241. The Magistrate Judge construes Petitioner's habeas petition as filed pursuant to 28 U.S.C. § 2254. *Singleton v. Norris*, 319 F.3d at 1022-23.

Before filing a second or successive habeas application in district court pursuant to § 2254, a petitioner is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over a successive habeas petition" until the court of appeals has granted the Petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997). Where a petitioner files a second or successive petition in this Court without obtaining authorization from the Eighth Circuit, dismissal is appropriate. *See Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

The Magistrate Judge finds that Petitioner's current § 2254 petition is a second or successive habeas application. Petitioner has not obtained authorization from the Eighth Circuit to file a second or successive application. Accordingly, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice for lack of jurisdiction.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice for lack of jurisdiction.

Dated this 12th day of April, 2007.

        /s/ John F. Forster, Jr.
    UNITED STATES MAGISTRATE JUDGE